TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
CLARK A. HARMS, Special Assistant United States Attorney (#5713)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
SEP 06 '24 PM03:08

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENTRELL DESEAN GAULDEN,<br>(akas "YoungBoy Never Broke Again,"<br>"NBA YoungBoy," and "YB"),<br><br>Defendant. | Case Nos. 2:24-CR-00270 and<br>1:24-CR-00038<br><br>**STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)**<br><br>Judge David Barlow |
|---|---|

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Count 1 of the Indictment in case number 2:24-CR-00270 and Count 1 of the Amended Felony Information in case number 1:24-CR-00038. My attorneys have explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorneys. I understand the charges and what the United States is required to prove in order to convict me. The elements of each count, Felon in Possession of Firearms, are:

   (a) Knowing I had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (b)    I knowingly possessed firearms; and

    (c)    The firearms were in and affecting commerce.

2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment in case number 2:24-CR-00270, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of ten (10) years, a term of supervised release of three (3) years, a fine of $250,000.00, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know the maximum penalty provided by law for Count 1 of the Amended Felony Information in case number 1:24-CR-00038, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of fifteen (15) years, a term of supervised release of three (3) years, a term of probation of five (5) years, a fine of $250,000.00, and any applicable forfeiture. I understand that if I violate a term or condition of probation, I can be re-sentenced pursuant to 18 U.S.C. §§ 3565(a)(2) and 3553. I understand that if I violate a term of condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorneys. I also know that the final calculation of my sentences by the Court may differ from any calculation the United States, my attorneys, or I may have made, and I will not be able to withdraw my pleas if this occurs. However, because my pleas of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my pleas if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.  I know that I have a right to plead "Not Guilty" or maintain my earlier pleas of "Not Guilty" and can have a trial on the charges against me.

6.  I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

   d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

   e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

   f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

   g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

   h. It requires a unanimous verdict of a jury to convict me.

   i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.  If I plead guilty, I will not have a trial of any kind.

8.  I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentences. However, fully understanding my right to appeal my sentences, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.  I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentences if they are less than the sentences set forth in this agreement.

10. I know that under pleas of guilty the judge may ask me questions under oath about the offenses. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty pleas:

On or about September 28, 2020, in the Middle District of Louisiana, I knowingly possessed firearms. More specifically, on that date, I was filming a music video in Baton Rouge, Louisiana. I admit I knowingly possessed two firearms during the filming: a Glock 21 .45 caliber pistol and a Masterpiece Arms MPA30T 9mm firearm.

On or about April 16, 2024, in the District of Utah, I knowingly possessed a firearm. More specifically, on that date, a search warrant was served at my residence in Huntsville, Utah. A Sig Sauer 9mm semi-automatic pistol was located in the master bedroom. I admit I knowingly possessed the firearm.

I also admit that, prior to September 28, 2020 and continuing through at least April 16, 2024, I knew I had been convicted of a crime punishable by imprisonment for a term exceeding one year (Aggravated Assault with a Firearm, Felony, 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, case number DC-01-17-0361). I acknowledge the Glock 21 .45 caliber pistol, Masterpiece Arms MPA30T 9mm pistol, and Sig Sauer 9mm pistol were in and affecting commerce. I further acknowledge that my conduct on September 28, 2020 and April 16, 2024 violated 18 U.S.C. § 922(g)(1).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Pleas.** I will plead guilty to Count 1 of the Indictment in case number 2:24-CR-00270 and Count 1 of the Amended Felony Information in case number 1:24-CR-00038.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentences imposed by the Court will be as follows, which I agree are reasonable sentences:

- On case number 2:24-CR-00270, **27 months' imprisonment**, with credit for time served back to May 10, 2024, no supervised release, and no fine.

- On case number 1:24-CR-00038, **60 months' probation, consecutive** to the 27 months' imprisonment on case number 2:24-CR-00270, and a fine in the amount of $200,000.00.

(1) I understand that this agreement, including my pleas, the agreed upon sentences, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether the pleas and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that sentences different from the agreed upon sentences outlined above will be imposed, I will have the right to withdraw the pleas of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentences should be less than the agreed upon sentence outlined above, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either were not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentences.

d. **Other United States Concessions.** The United States also agrees not to seek indictment against me for any other firearm offenses of which the United States Attorney's Office for the Middle District of Louisiana and the District of Utah are aware at this time.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentences, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentences imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentences imposed are greater than the sentences set forth in this agreement. I also knowingly, voluntarily, and expressly waive

any argument (1) that the statute to which I am pleading guilty is unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute.

(2)   I also knowingly, voluntarily, and expressly waive my right to challenge my sentences, unless the sentences imposed are greater than the sentences set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of assistance of counsel. This waiver includes any motion for modification of my sentences under 18 U.S.C. § 3582(c)(2).

(3)   I understand that this waiver of my appeal and collateral review rights concerning my sentences shall not affect the United States' right to appeal my sentences pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)   I further understand and agree that the word "sentences" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)   Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f.   **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my probation. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g.   **Forfeiture.**

(1)   I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

- Glock 21 .45 caliber pistol, s/n AETT723 (case number 2:24-CR-00270)

- Masterpiece Arms MPA30T 9mm firearm, s/n FX14873 (case number 2:24-CR-00270)
- Sig Sauer P365 9mm semi-automatic pistol, s/n 66G110897 (case number 1:24-CR-00038)

       (2)    I acknowledge that this property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

       (3)    I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

       (4)    I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

       (5)    I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property.

       (6)    I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

       13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities. However, it is the joint understanding of the parties that my outstanding state cases will be resolved as follows:

- Case number 241901188, filed in the Utah Second District Court, will be dismissed after my sentencing in case numbers 2:24-CR-00270 and 1:24-CR-00038.
- I will enter guilty pleas to counts 2-7, 13, 16, 19, and 22 in case number 241100468, filed in the Utah First District Court. I will be sentenced to credit for

time served, a fine of $25,000.00, and the case will be closed upon payment of the fine.

14.  I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the pleas.

* * * *

I make the following representations to the Court:

1.  I am 24 years of age. My education consists of ___8th grade___. I can read and understand English.

2.  This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty pleas of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.  No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.  Neither my attorneys nor the United States has promised me that I would receive probation or any other form of leniency because of my pleas.

5.  I have discussed this case and the pleas with my lawyers as much as I wish, and I have no additional questions.

6.  I am satisfied with my lawyers.

7.  My decision to enter these pleas was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the pleas. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the pleas, and I am not now under the influence of any drugs, medication, or intoxicants.

8.  I have no mental reservations concerning the pleas.

9.  I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 4th day of September, 2024.

_____
KENTRELL DESEAN GAULDEN
Defendant


I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the pleas with full knowledge of his legal rights and that there is a factual basis for the pleas.

DATED this 4th day of September, 2024.

_____
DREW FINDLING
JEREMY M. DELICINO
JON D. WILLIAMS
Attorneys for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 4th day of September, 2024.

                                              TRINA A. HIGGINS
                                              United States Attorney

                                              */s/ Victoria K. McFarland*
                                              VICTORIA K. McFARLAND
                                              Assistant United States Attorney

                                              CLARK A. HARMS
                                              Special Assistant United States Attorney